IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL ANGEL HERMOSILLO
MARTINEZ and ANTONIO MERCADO
DELGADILLO,

      Plaintiffs,

vs.

MANAGEMENT AND TRAINING
CORPORATION, a Delaware
Corporation, in its individual capacity,
d/b/a OTERO COUNTY PRISON
FACILITY, ELIAS GUERRA, a
Corrections Officer of the Otero County,
Detention Center, in his individual
capacity, and PHYSICIANS NETWORK
ASSOCIATION, a Texas Corporation in
its individual capacity,

      Defendants.

No. 08cv429 PK/ACT

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of pending motions: (1) Defendant

Management & Training Corporation's Motion for Summary Judgment filed February 4,

2009 (Doc. 38); (2) Defendant Elias Guerra's Motion for Summary Judgment filed

February 23, 2009 (Doc. 45); (3) Plaintiffs' Motion for Leave to File Supplemental

Expert Disclosures for Dr. Mark L. Berger filed March 30, 2009 (Doc. 57); and (4)

Defendant Management & Training Corporation's Motion to Dismiss filed April 3, 2009

(Doc. 60).  Upon consideration thereof, the motions for summary judgment are well taken

and should be granted, the motion for supplemental expert disclosures should be referred
to the magistrate judge, and the motion to dismiss is well taken and should be granted.

    (1) <u>Background.</u>  The complaint in this matter was filed on April 28, 2008,
alleging that Plaintiffs, inmates of the Otero County Prison Facility ("OCPF"), were
injured and then denied appropriate medical care.  The OCPF was operated by Defendant
Management & Training Corporation ("MTC") and Defendant Physicians Network
Association ("PNA") provided medical care.  According to the complaint, Defendant
Elias Guerra, a corrections officer at the OCPF, intentionally opened certain detention
center doors which allowed certain inmate-members of a prison gang to attack the
Plaintiffs.  R. Doc. 1 at 4, ¶ 10.  Plaintiffs' complaint contains a federal claim for
deprivation of civil rights (Fourth and Fourteenth Amendments) under color of state law,
42 U.S.C. § 1983.  Counts II (negligence and gross negligence)[1] and III (respondeat
superior) are supplemental state-law claims.  R. Doc. 1 at 8, ¶ 23, at 9 ¶ 27.  Count IV is a
claim for punitive damages.  Defendants MTC and Guerra move for summary judgment
on the basis that the complaint was filed outside the three-year limitations period.  The
court interprets Count I as containing a federal constitutional claim based upon the
injuries from (a) the attack allegedly precipitated by Defendant Guerra, and (b) the denial
of adequate medical care thereafter.  <u>See</u> Doc. 60 at 1 (Defendant MTC's interpretation of

---

[1]  Plaintiffs indicated that they do not oppose the dismissal of any claims based upon
negligence or gross negligence.  Doc. 46 at 3 n.2.  Accordingly, the court will dismiss
Count II of the complaint without prejudice, as well as Count III, state-law respondeat
superior claims against MTC and PNA.  <u>See</u> 28 U.S.C. § 1367(c).

the complaint).  The court interprets Count I as running against Defendants MTC and Guerra insofar as Defendant Guerra's role in precipitating the attacks, see Doc. 46 at 5; Doc. 50 at 11-12, and against Defendant PNC insofar as denial of adequate medical care after the attacks.

(2) Summary Judgment Standard.  Summary judgment is appropriate under Fed. R. Civ. P. 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Here, the limitations defense is an affirmative defense which the Defendants have the burden of pleading and proving.  Given a properly supported summary judgment motion suggesting that the limitations period has run, the Plaintiffs must go beyond their pleadings and demonstrate a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

(3) Federal Claims.  Under section 1983, the limitations period is determined with reference to a state's personal injury limitations period, but when the action accrues is a matter of federal law.  Wallace v. Kato, 549 U.S. 384, 387-88 (2007).  In New Mexico, the limitations period is three years based upon N.M. Stat. § 37-1-8.  Wilson v. Garcia, 471 U.S. 261, 280 (1985), superseded on other grounds as stated in Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 383-85 (2004); Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008).  It is undisputed that Plaintiffs were attacked and beaten on April 24, 2005.  Doc. 38 at 2, ¶¶ 1-3; Doc. 45 at 2, ¶¶ 2-3.  The court's records indicate that the complaint was filed more than three years later on April 28, 2008.  Doc. 1.  Thus,

the federal claims based upon the attack allegedly precipitated by Defendant Guerra appear to be time barred.  Plaintiffs maintain that the earliest the limitations period began running is April 29, 2005.  Doc. 46 at 5-6; Doc. 50 at 5-8.

Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief."  Wallace, 549 U.S. at 388 (internal quotation marks and citations omitted).  State law provides any tolling rules.  Id. at 394; Hardin v. Straub, 490 U.S. 536, 538-39 (1989).  Given that the claim here is that constitutional rights have been violated, the action accrued in accordance with the federal discovery rule when the Plaintiffs knew or should have known that their constitutional rights were violated.  Smith v. City of Enid by and through Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998); see also Heard v. Sheahan, 253 F.3d 316, 318 (7th Cir. 2001) (noting that federal constitutional claim for deliberate indifference, not medical malpractice, was the applicable claim for limitations purposes).  In this regard, the Tenth Circuit has required that a court "identify the constitutional violation and locate it in time."  Smith, 149 F.3d at 1154 (quotation marks omitted).

Here the alleged constitutional violation (addressed in the motions for summary judgment) is based upon Defendant Guerra's role in the attack, and involves an Eighth or Fourteenth Amendment theory depending upon the status of the Plaintiffs–it appears that Plaintiff Hermosillo-Martinez was awaiting sentencing, Doc. 45, Ex. 6 at 2, and the court

is unsure about the status of Plaintiff Mercado-Delgadillo.[2]  See Berry v. City of
Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990) (claims of plaintiff awaiting sentencing
arise under Eighth Amendment); see also Whitley v. Albers, 475 U.S. 312, 319 (1986)
(excessive force); Green v. Branson, 108 F.3d 1296, 1300-01 (10th Cir. 1997).  Plaintiffs
contend that their claims arise not from the attack, but rather from Defendant Guerra's
deliberate indifference to federally protected rights, i.e. his alleged opening of the cell
doors, knowing that other inmates would attack the Plaintiffs.  Doc. 46 at 3-4, 5; Doc. 50
at 5-7, 11-12.  Additionally, Plaintiffs contend that they were unaware until April 29,
2005, of the possibility of a constitutional tort for this conduct given (1) the extent of their
injuries, (2) a subsequent  investigation by corrections authorities culminating in an
offense report of April 29, 2005, and (3) that Defendant Guerra sought to shift blame and
enlist another to lie for him after the incident.  Doc. 46 at 2-4; Doc. 50 at 3-4.

    The claims based upon Defendant Guerra's role in precipitating the attack are time
barred.  Under traditional accrual, a limitations period commences when a wrongful act or
omission causes damages, even though the full extent of injuries and damages may not be
ascertainable until later.  Wallace, 549 U.S. at 391.  This is true even if the level of
culpability of the actors is not known until later.  Alexander v. Oklahoma, 382 F.3d 1206,
1216 (10th Cir. 2004).  Thus, the accrual date for a section 1983 claim is the date when
the potential plaintiff knew or should have known that he was harmed, and that is often

[2]  A proposed amended complaint suggests that Plaintiffs were convicted and pretrial
detainees, Doc. 63, Ex. A at 7-8, ¶ 18 (pretrial detainees), at 9, ¶ 25 (convicted), and also
seek relief under principles of substantive due process.

when the event causing the harm occurs.  See Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006) (noting that claims involving police conduct generally accrue when the conduct occurs).

In deciding when a plaintiff knew or should have known of a constitutional tort, two facts are pertinent–the existence of injury and causation, specifically, connecting the injury to a defendant's actions. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001).  Although Plaintiffs contend that the act at issue is the opening of the door, rather than the actual attack, the summary judgment evidence suggests that the two are closely related and that Plaintiffs had notice of both injury and causation vis-a-vis corrections officials.  Indeed, when interviewed during the investigation that resulted in an April 30, 2005 report, Plaintiff Mercado-Delgadillo apparently indicated that "as they were waiting for pill call, one of the prison guards opened the door to South Delta pod, which is the pod where prison gangs such as the Aztecas and Surenos are being held." Doc. 46, Ex. 2 at 3; see also Doc. 54 at 5 (interrogatory answers of Plaintiffs suggesting that Plaintiffs were aware that a guard opened the door).  A plaintiff need only possess sufficient facts such that reasonable inquiry would reveal a cause of action.  See United States v. Kubrick, 444 U.S. 111, 123 (1979).  The fact that the Plaintiffs (1) were unaware of which actor was responsible for opening the doors until days later when an investigation report was issued, or (2) were recuperating from their injuries, does not affect when the action accrued under these facts.

The court has considered the possibility of tolling, both equitable and statutory.  In

Roberts v. Barreras, 484 F.3d 1236 (10th Cir. 2007), a Tenth Circuit panel determined

that a claim for equitable tolling or fraudulent concealment will not lie under New

Mexico law where the Plaintiff is able to discover the injury within the limitations period.

Id. at 1242.  In those circumstances, tolling on the basis of equitable estoppel is not

necessary because a defendant's actions have not prevented filing within the limitations

period.  Id.; Tomlinson v. George, 116 P.3d 105, 111 (N.M. 2005).  Plaintiffs have never

contended that they were unaware of their claims during the entire three-year limitations

period.  Accordingly, Plaintiffs would have had time to file within the limitations period,

and tolling by Defendant Guerra's alleged fraudulent concealment or MTC's delay in

investigating the incident is not warranted.

     Insofar as statutory tolling, the Plaintiffs have not argued for it, however, the court

has considered whether N.M. Stat. § 37-1-10 might apply which extends the limitations

period for minors and incapacitated persons "one year from and after the termination of

such incapacity."  Even assuming that Plaintiffs were briefly incapacitated by the attacks

and N.M. Stat. § 37-1-10 applied, the New Mexico Court of Appeals has held that, in the

case of minors, § 37-1-10 does not provide an additional year to sue where the minor

would have reached the age of majority with one year or more to run on the regular

limitations period.  Gomez v. Chavvaria, —P.3d—, 2009 WL 996096, at *3 (N.M. Ct.

App. Jan. 12, 2009), cert. granted, (Mar. 24, 2009).  By analogy, the Plaintiffs had more

than one year left on the three-year limitations period from the termination of any incapacity to file suit.  Statutory tolling does not apply on this basis.

(4) <u>Motion to Dismiss MTC.</u>  In deciding a motion to dismiss for failure to state a claim, the court looks for plausibility in the complaint, construing the factual allegations in the light most favorable to the plaintiffs.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007).  Here, even the most generous reading of the complaint cannot craft the necessary allegations for MTC's liability on any federal claims.  To survive a motion to dismiss, Plaintiffs were required to allege (1) a corporate custom or policy by MTC, (2) a constitutional violation, and (3) a direct and causal link between the custom or policy and the violation alleged.  <u>See</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403-04 (1997); <u>Dubbs v. Head Start, Inc.</u>, 336 F.3d 1194, 1216 (10th Cir. 2003) (extending <u>Monell</u> doctrine to private actors).  The court agrees with Defendant MTC that it cannot be held liable solely on a theory of respondeat superior, and the complaint simply does not allege a custom or policy on behalf of MTC.  Thus, the motion should be granted on the federal claims against MTC.  Moreover, the new claims in the proposed amended complaint (based upon municipal liability and a failure to train and supervise) are derivative of the time-barred theory (precipitating an attack on the Plaintiffs) discussed above, so the court will deny leave to amend.

(5) <u>Motion to File Supplemental Expert Disclosures.</u>  Plaintiffs seek until May 30, 2009, in order to provide expert disclosure for Mark L. Berger, M.D., who has been unable to examine the Plaintiffs because they are in Mexico.  Plaintiffs' counsel

represents that they are attempting to negotiate temporary visas through Immigration and

Customs Enforcement ("ICE").  The Defendants oppose this motion on several grounds

including that Plaintiffs provided non-compliant expert disclosure concerning Dr. Berger,

Fed. R. Civ. 26(a)(2)(B), even given a once-extended expert disclosure deadline.

Defendants argue that they will be prejudiced because such disclosure is essential to

comply with other pretrial disclosure deadlines.  They point out that the logistical

problems of the case have been present from the outset and that Plaintiffs have not

diligently pursued the case.  Docs. 59, 61 & 62.  At this point, the state law claims have

been dismissed without prejudice, and the federal claims based upon Defendant Guerra's

role in precipitating the attacks will be dismissed against Defendants MTC and Guerra.

The court will refer this matter to the assigned magistrate judge to confer with the

remaining parties about the status of the case.  Should Plaintiffs wish to pursue the

constitutional claims for inadequate medical care, the magistrate judge should revisit

pretrial deadlines, without affecting the dates of the pretrial conference (11/30/2009) or

jury trial (1/4/2010).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1) Counts II and III of the complaint are dismissed without prejudice.

(2) Defendant Management & Training Corporation's (MTC's) Motion for

Summary Judgment filed February 4, 2009 (Doc. 38) is granted and the federal claims

against Defendant MTC contained in the complaint are dismissed with prejudice;

(3) Defendant Elias Guerra's Motion for Summary Judgment filed February 23, 2009 (Doc. 45) is granted and the federal claims against Defendant Guerra contained in the complaint are dismissed with prejudice;

(4) Plaintiffs' Motion for Leave to File Supplemental Expert Disclosures for Dr. Mark L. Berger filed March 30, 2009 (Doc. 57) is referred to the magistrate judge assigned;

(5) Defendant Management & Training Corporation's Motion to Dismiss filed April 3, 2009 (Doc. 60) is granted as to the federal claims and Plaintiffs are denied leave to amend.

DATED this 14th day of May 2009, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

Dennis Montoya, Montoya Law, Inc., Rio Rancho, New Mexico, and Rosanne Camuñez, Camuñez Law Firm, P.C., Las Cruces, New Mexico, for Plaintiffs.

Jacqueline A. Olexy, Robert Mroz & Jennifer L. Collins, Madison, Harbour & Mroz, P.A., Albuquerque, New Mexico, for Defendant Elias Guerra.

Ben Feuchter & Kurt Wihl, Keleher & McCleod, P.A., Albuquerque, New Mexico, for Defendant Management & Training Corp.

Rob T. Booms, Butt Thornton & Baehr PC, Albuquerque, New Mexico, for Defendant Physicians Network Association.