IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MIGUEL ANGEL HERMOSILLO MARTINEZ and ANTONIO MERCADO DELGADILLO,<br><br>      Plaintiffs,<br>vs.<br><br>MANAGEMENT AND TRAINING CORPORATION, a Delaware Corporation, in its individual capacity, d/b/a OTERO COUNTY PRISON FACILITY, ELIAS GUERRA, a Corrections Officer of the Otero County Prison Detention Center, in his individual capacity, and PHYSICIANS NETWORK ASSOCIATION, a Texas Corporation in its individual capacity,<br><br>      Defendants. | No. 08cv429 PK/ACT |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for pending motions: (1) Defendant Management & Training Corporation's Motion for Award of Costs and Fees filed June 5, 2009 (Doc. 73); and (2) Defendant Elias Guerra's Motion for Costs and Fees filed June 12, 2009 (Doc. 75). Upon consideration thereof, the motions for costs and fees are not well taken and should be denied.

(1) <u>Background.</u> The complaint in this matter was filed on April 28, 2008, alleging that Plaintiffs, inmates of the Otero County Prison Facility ("OCPF"), were

injured and then denied appropriate medical care.  The OCPF was operated by Defendant Management & Training Corporation ("MTC") and Defendant Physicians Network Association provided medical care.  According to the complaint, Defendant Elias Guerra, a corrections officer at the OCPF, intentionally opened certain detention center doors, allowing inmate-members of a prison gang to attack the Plaintiffs.  Doc. 1 at 4, ¶ 10.  Plaintiffs' complaint contained a federal claim pursuant to 42 U.S.C. § 1983 for deprivation of civil rights (Fourth and Fourteenth Amendments) under color of state law.  Doc. 1 at 7, ¶ 19-20.  Plaintiffs' complaint also contained supplemental state law claims and a claim for punitive damages.  Doc. 1 at 8, ¶ 23; Doc. 1 at 9, ¶ 27; Doc. 1 at 10, ¶ 30.  Defendants MTC and Guerra moved for summary judgment on the basis that the complaint was filed outside the three-year limitations period.  Docs. 38, 45.  This court granted the motion for summary judgment as to the federal claim, and dismissed the state law claims without prejudice.  Doc. 66.  Defendants now seek attorneys' fees pursuant to 28 U.S.C. § 1927.

>(2) <u>Applicable Legal Standard.</u>  28 U.S.C. § 1927 provides that

>[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 targets conduct that multiplies the proceedings, which, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to

-2-

the court.'"  Steinert v. Winn Group, Inc., 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998)).

Bad faith is not required in order to award costs and fees pursuant to § 1927's "unreasonable and vexatious" standard.  See Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1201-02 (10th Cir. 2008).  Rather, courts must employ an objective unreasonableness inquiry.  Id.  Accordingly, a court may award costs and fees pursuant to § 1927 "'when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted.'"  Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1278 (10th Cir. 2005) (alteration in original) (quoting Miera, 143 F.3d at 1342).

(3) Analysis.  Defendants argue that Plaintiffs' counsel proceeded in bad faith because the action was time-barred and because, once the Defendants had asserted an affirmative defense as to the statute of limitations, "Plaintiffs' counsel had an obligation to determine whether Plaintiffs' claims were time-barred and to proceed accordingly."[1]  Doc. 73 at 5; Doc. 75 at 4.  According to Defendants, Plaintiffs counsel either did not engage in this determination or proceeded in the face of well-established law unfavorable to the Plaintiffs.  Doc. 73 at 5; Doc. 75 at 4.  Despite these contentions, an award of attorneys' fees is not justified in this case.

---

[1] It appears that Plaintiff Hermosillo-Martinez obtained representation by July 21, 2005, Doc. 38, Ex. 1, well before the April 28, 2008 filing of the complaint in this matter.

Though § 1927 costs and fees are not available for initiation of the complaint, Steinert, 440 F.3d at 1224-25, the court notes that Plaintiffs' claim was not implausible or without legal or factual basis.  See Dominion Video Satellite, Inc., 430 F.3d at 1278. Plaintiffs did not vexatiously multiply the proceedings by bringing the claims despite the likelihood of a limitations defense.  A limitations defense is an affirmative defense that may be waived; a plaintiff is not required to plead compliance with limitations in the complaint.  Fed. R. Civ. P. 8(c)(1); see Jones v. Bock, 549 U.S. 199, 215 (2007). Limitations periods may also in some circumstances be subject to equitable or statutory tolling.  Moreover, Plaintiffs did not maintain the proceedings recklessly and with indifference to well-established law by continuing after they were notified of the limitations defense.  See Steinert, 440 F.3d at 1225.  Plaintiffs put forth a good-faith argument that the limitations period should run from the time the institution issued a report concerning the alleged wrongdoing of Defendant Guerra, rather than when the injury was sustained.   Doc. 46 at 3-7.  While this court ultimately rejected Plaintiffs' arguments, Doc. 66 at 4-6, that conclusion does not inevitably mean that Plaintiffs were recklessly prolonging the proceedings.

Defendant MTC further argues that an award of costs and fees is justified because Plaintiffs asserted a vicarious liability claim against MTC which "has been universally rejected." Doc. 73 at 5.  Defendant MTC also takes issue with Plaintiffs' attempt to rescue their claim against MTC by seeking leave to amend the complaint by naming a new defendant.  Doc. 73 at 5.  Though this court granted the motion to dismiss MTC and

denied leave to amend, Doc. 66 at 8, Plaintiffs' actions in this regard were not objectively unreasonable and vexatious.  Plaintiffs argued that their claim against MTC was supported by Supreme Court precedent, Doc. 63 at 4-13, and—while the argument was ultimately unpersuasive—on balance the claim was not so unreasonable and irresponsible as to justify an award of costs and fees.  Dreiling v. Peugeot Motors of Am., Inc., 768 F.2d 1159, 1165 (10th Cir. 1985).  Similarly, Plaintiff's actions in seeking leave to amend the complaint, though fruitless, did not reach the level of reckless disregard of the attorney's duties.

This court recognizes Plaintiffs failed to file a response in opposition to Defendants' motions, and that D.N.M.LR-Civ 7.1(b) provides that such failure "constitutes consent to grant the motion[s]."  However, in this case, D.N.M.LR-Civ 7.1(b) does not warrant granting relief that this court finds unjustifiable.  See Hernandez v. George, 793 F.2d 264, 265 (10th Cir. 1986) ("[D]istrict courts have discretion in applying local rules.").  Moreover, according to D.N.M.LR-Civ 1.7, "[t]hese rules may be waived by a Judge to avoid injustice."  For the reasons outlined above, granting fees and costs in this case would cause injustice because such an award is not warranted by the facts.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1) Defendant Management & Training Corporation's Motion for Award of Costs and Fees filed June 5, 2009 (Doc. 73) is denied; and

(2) Defendant Elias Guerra's Motion for Costs and Fees filed June 12, 2009 (Doc. 75) is denied.

DATED this 30th day of June 2009, at Santa Fe, New Mexico.

                                                */s/ Paul Kelly, Jr.*
                                      United States Circuit Judge
                                      Sitting by Designation

Counsel:

Jacqueline A. Olexy, Robert Mroz & Jennifer L. Collins, Madison, Harbour & Mroz, P.A., Albuquerque, New Mexico, for Defendant Elias Guerra.

Ben Feuchter & Kurt Wihl, Keleher & McCleod, P.A., Albuquerque, New Mexico, for Defendant Management & Training Corp.